*416 The opinion of the Court was delivered by
Richaudson, J.
It is the unanimous opinion of the court that the verdict is contrary to evidence. The doctrine is now established, that whenever a fair price is given, the commodity sold, with or without an express warranty, must be sound.[1]
The whole doctrine, though sometimes considered new, is nothing more than the practical use of the plain moral maxim, that honesty is the best policy. I deem it, in truth, the common law rule and no more ;[2] dispensing with what may be justly called the habit of the common law decisions, in requiring direct proofs of a warranty, expressed at the time of sale; as though the common law did not allow, in this one instance, of its favorite circumstantial evidence, which, as we are ’so often reminded by the best common law judges, cannot lie, nor even ’of the evidentia rei. At all events, if a doctrine can be established* and known, I believe 1 J this is settled and known. Sometimes doubted, it is true, by some individual judges, but again settled under almost every change of the bench, uniformly in the same way, as in the foundation case of Timrod v. Shoolbread, 1 Bay 324. Guarded, as it is, by the caution recommended in the case of Rouble v. M’Carty, 1 Bay, 480, these adjudications have triumphed over every variety of opposition, and settled this law in South Carolina.
In the case before us, the only evidence adduced; showed a total failure of consideration, and afforded even suspicion of fraud.. At both ends of the barrels wore loaves of England’s stamp, which, in the inspection of bread and biscuit, is perhaps equal to the old English sterling stamp ; but in the centre was a musty collection which was equal to, and perhaps worse, than a mixture of base metals within pure silver. And though no forgery, yet, if the artifice of concealing unwholesome provisions within sound, could be brought home to an individual, it is questionable 'if an indictment for swindling would not lay. Policy, as well as honesty and law, forbid us countenancing the mistake, that, unless the examination be within our ports, the evidence must fail. If such shipments to the Havana were so encouraged, the Spaniards might well repay us in the like coin, and transmit us tobacco stems for best segars, or clay within their white sugar. All imaginable fairness must be required in commerce, especially where custom and convenience do not authorize a perfect inspection of every package. Such rules are especially wise in us, who are an importing people, and therefore look for great integrity from foreign merchants. If a case were required to illustrate such principles of common, honest, and obvious policy, that of Barnard and Yates, 1 Nott & M’Cord, 142, sometimes called the Gurry Case, would be in point, where this moral doctrine is reconsidered, and we scrupled not a moment in making the foreign trader retake his blubber. Let us, then be as severely just, when the sides are *changed, and give the world no excuse for treating us ill.
A new trial is, therefore, ordered.
CoiiCooK, Hott, Gantt and Johnson, concurred.

 Post. 288.

 See 1 MoC. 221.

 1 McC. 220.